UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TROY L. FENTON,                    )
                                   )
            Petitioner,            )
                                   )
        vs.                        )        No. 4:07CV1595-DJS
                                   )
DAVE DORMIRE,                      )
                                   )
            Respondent.            )


## ORDER

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #28], recommending denial of petitioner Troy L. Fenton's petition for writ of habeas corpus [Doc. #1], and petitioner's objections thereto [Doc. #31]. Pursuant to 28 U.S.C. § 636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

**Background**

On January 9, 2003, a jury in the Circuit Court of St. Louis County, Missouri convicted petitioner of robbery in the first degree, two counts of armed criminal action, and assault in the first degree, arising out of a robbery of a pharmacy and a shootout with police that followed. Doc. #28, p. 1. On March 17, 2003, petitioner was sentenced to life imprisonment on the robbery and assault counts and 50 years imprisonment for the two counts of armed criminal action, with the sentences on the four counts to run

consecutively.  Id.

On direct appeal, petitioner alleged that the trial court erred in that there was insufficient evidence from which a reasonable jury could have concluded that petitioner's purpose was to kill or cause serious physical injury to the police officer he shot.  Doc. #12, Ex. C at 10.  The Missouri Court of Appeals affirmed the judgment on April 13, 2004.  State v. Fenton, 131 S.W.3d 857 (Mo. Ct. App. 2004) (summary order) (per curiam; Doc. #12, Ex. E (supplemental opinion).

Petitioner filed a motion for post-conviction relief on June 9, 2003.  Doc. #12, Ex. F at 1.  Petitioner alleged information regarding a prior conviction provided at his sentencing was false, ineffective assistance of counsel for failing to request petitioner be permitted to shower before trial, ineffective assistance of counsel for failing to request a jury instruction ordering the jury to not consider petitioner's appearance, ineffective assistance of counsel for failing to file a motion for speedy trial, ineffective assistance of counsel for failure to honor petitioner's request that a motion be filed requesting disposition of the case within 180 days, his conviction resulted from an unconstitutionally selected and impaneled jury, and his sentence of 50 years imprisonment on the two counts of armed criminal action to be served consecutively was improper.  Id. at 7, 29-37.  On May 3, 2006, the circuit court denied the motion following a hearing.  Id. at 4.  The Missouri Court of Appeals

2

affirmed the denial of petitioner's post-conviction relief motion. Fenton v. State, 230 S.W.3d 8 (Mo. Ct. App. 2007) (summary order) (per curiam).

In its supplemental opinion on direct appeal, the Missouri Court of Appeals summarized the facts adduced at trial as follows:

> On October 10, 2001, in Sikeston, Missouri, [petitioner] and his brother Ernest Fenton, robbed Super D's Pharmacy at gunpoint. [Petitioner] stole various controlled substances while Ernest Fenton waited outside in the car. After the robbery, the pharmacist called the police and reported the license plate number of the car. Lieutenant Mark Crocker ("Crocker") was the first police officer to spot [petitioner] and his brother as they passed him on the highway. Crocker identified the license plate number and proceeded to follow the suspect vehicle, turning on his emergency lights. As Crocker followed [petitioner's] vehicle, Officer Christopher Newell ("Newell") blocked the roadway with his marked police car, forcing the driver to make a left turn onto Little Street.
>
> Crocker found [petitioner's] vehicle parked behind the breezeway at 106 Little Street, a residence in Sikeston, Missouri. When Newell arrived on the scene, he observed a white male walk in front of [petitioner's] vehicle. Newell ordered the suspect to lie on the ground with his hands up. Instead, the man entered the house and seconds later, gunshots were fired from inside the house.
>
> In response, police officers shouted for the man to come out of the house. As Crocker approached the house, he observed an individual start to exit, immediately retreat and slam the door. Crocker, who had been on the south side of the house, then moved to the north side, crossing in front of the house. As he crossed, the occupants of the house fired eight or nine shots in his direction, hitting Crocker in the leg. The injury prevented Crocker from walking[,] and he received assistance from other officers on the scene.
>
> Following Crocker's shooting, an individual stuck his head out the window, withdrew and then a handgun appeared in the window. An officer fired a shotgun round through the window and another officer advised the

3

occupants over a public address system that the house was surrounded. Two men, later identified as [petitioner] and his brother, vacated the house. Both were taken into custody and transported to the Scott County Sheriff's Department.

While in Scott County custody, [petitioner] admitted that he robbed the pharmacy at gunpoint, he knew the police were chasing him, and he shot the officer. He admitted that while fleeing, he heard his police scanner report that the police knew the location of his car. [Petitioner] further stated that he and his brother drove into a field and broke into the residence on Little Street. [Petitioner] acknowledged that while inside the Little Street house, he fired his gun from the window to scare the police as they approached the house. [Petitioner] repeatedly stated he felt regret for shooting the police officer.

Doc. #12, Ex. E at 2-3.

**Instant Petition**

The instant petition for writ of habeas corpus was filed in this Court on September 12, 2007. Petitioner raises six bases for relief pursuant to 28 U.S.C. § 2254:

1.  Petitioner was denied due process and equal protection because there was insufficient evidence to convict petitioner of assault on a law enforcement officer in the first degree.

2.  Petitioner received ineffective assistance of trial counsel when counsel failed to file a motion for a speedy trial.

3.  Petitioner received ineffective assistance of trial counsel when counsel failed to ask the trial court to instruct the jury to disregard petitioner's

disheveled and unkempt appearance.

4.　Petitioner received ineffective assistance of trial counsel when counsel failed to have petitioner mentally evaluated to ascertain whether he was competent to stand trial.

5.　Petitioner was denied due process when the trial court sentenced him, in part, based on the erroneous belief that he was previously convicted of aggravated assault in Fayetteville, Arkansas.

6.　Petitioner contends that the trial court erred in sentencing him as a prior and persistent drug offender because he was previously acquitted of possessing a controlled substance.

Doc. #1. The magistrate issued his report and recommendation on April 3, 2009, in which he analyzes these six grounds for relief. After a thorough analysis, the magistrate recommends that petitioner's writ of habeas corpus be denied.

**Standard of Review**

As stated above, pursuant to 28 U.S.C. § 636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate or asserting specific allegations of error. See, e.g., Nabors v.

United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A decision is contrary to federal law when it is opposite to the Supreme Court's conclusion on a question of law, or different from the Court's conclusion on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 379 (2000). An "unreasonable application" is one that, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonable be justified under existing Supreme Court precedent," James v. Bowersox, 187 F.3d 866, 869 (1999) (quoting Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999)), or that unreasonably refuses to extend a legal principle to a new context

where it should apply, <u>Carter v. Kemna</u>, 255 F.3d 589, 592 (8th Cir. 2001).  A state court's factual findings are presumed to be correct.  28 U.S.C. § 2254(e)(1); <u>Whitehead v. Dormire</u>, 340 F.3d 532, 536 (8th Cir. 2003).  Clear and convincing evidence that factual findings lack evidentiary support is required to overcome that presumption.  <u>Id.</u>

**Petitioner's Objections**

Petitioner objects to the magistrate's analysis of each of the six grounds for relief.  The Court will review each objection according to the standard set out above.

**Ground 1**

In Ground 1, petitioner asserts that the trial court violated his right to due process and equal protection under the United States Constitution because there was insufficient evidence to convict him of assault on a law enforcement officer in the first degree.  In his objections to the magistrate's report recommending denial of this ground, petitioner argues that no reasonable juror should have convicted petitioner based upon the evidence introduced at trial.  Petitioner generally objects to "the Magistrate's finding, that [petitioner] has not shown that the state court's determination 'resulted in a decision that was based on an unreasonable determination of facts in light of evidence presented in the state proceedings.'"  Doc. #31, pp. 4-5 (quoting 28 U.S.C. § 2254(d)(2)).  Specifically, he claims there was insufficient

evidence to establish the requisite intent for the offense because the evidence showed that he "aimlessly" shot out of a window. The Court will conduct a de novo review of petitioner's specific objection on this issue.

Petitioner was charged with violating Mo. Rev. Stat. § 565.081.1, which requires the state to prove that petitioner either attempted to kill or knowingly caused or attempted to cause serious physical injury to a law enforcement officer. Mo. Rev. Stat. § 565.081.1. In petitioner's state appeal, the Missouri Court of Appeals determined that, under Missouri law, intent may be based on circumstantial evidence or inferred from surrounding facts and may be determined from evidence of the accused's conduct before the act, from the act itself, and from the accused's subsequent conduct. Doc. #12, Ex. E at 5-6. The Missouri Court of Appeals held that consciously engaging in conduct that causes serious physical injury satisfies the requisite intent requirements of first degree assault on a law enforcement officer. Id. at 6. Further, the Missouri Court of Appeals has previously held that the natural consequences of firing a pistol in the direction of an officer is at least great bodily harm. State v. Mann, 129 S.W.3d 462, 467 (Mo. Ct. App. 2004).

The Missouri Court of Appeals concluded that sufficient evidence existed from which a reasonable juror could find petitioner guilty beyond a reasonable doubt of this crime. The Court must give great deference to the state appellate court's

conclusion that the evidence was sufficient to support the conclusion. <u>Jackson v. Virginia</u>, 443 U.S. 307, 323 (1979). The inquiry for the Court is, thus, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Id.</u> at 319. The Court must view the evidence in the light most favorable to the prosecution. <u>Id.</u>

Petitioner's objection to the magistrate's report is that there was insufficient evidence to support the intent element of his conviction because he fired aimlessly out of the window. The evidence at trial, viewed in a light most favorable to the prosecution, showed that the police chased petitioner in a marked car with its lights on, petitioner knew from his police scanner the police were chasing him, petitioner or his brother encountered a police officer outside of the house moments before entering the house, petitioner repeatedly fired his gun out of a window in the direction of the police officer, one of the bullets he fired struck the police officer, and the purpose of his shot was to scare the police officer to keep him away from the residence. The evidence his counsel pointed to during open and closing arguments to negate the intent element was the fact that petitioner failed to shoot the officer again after he was struck the first time and fell to the ground. Petitioner's counsel further highlighted how badly petitioner missed with his subsequent shots. He also pointed out that petitioner's confession to shooting the officer was filled with regret. Defendant did not take the stand in his own defense.

He did not testify that he did not intend to shoot the officer or that he fired aimlessly.

The Court finds that under the evidence, viewed in a light most favorable to the prosecution, a reasonable jury could have found that petitioner intended to shoot the officer. Even if the jury believed petitioner's counsel's argument regarding the subsequent badly missed shots, they could have reasonably concluded that the shot that struck the officer was intended to hit him. In other words, subsequent badly missed shots do not necessarily negate petitioner's intent with respect to the wounding shot. Likewise, petitioner's subsequent regret from having shot the officer does not negate his intent to do so when he pulled the trigger.

Even assuming that the evidence showed that petitioner fired aimlessly (which it does not), the fact that petitioner fired without aiming, as opposed to singling out and aiming at a specific target, would not, as a matter of law, negate the intent element of his crime. The evidence showed that petitioner was not an innocent citizen, firing his weapon aimlessly into the air for no apparent reason; he was a fugitive who had just committed armed robbery, firing his weapon in the general direction of a police officer who was pursuing him. While petitioner's counsel's argument that he fired without aiming may have weighed against a finding of intent, the evidence that petitioner was a fugitive from law enforcement, fired his weapon in the general direction of the law enforcement

officer, and, in fact, shot the officer was sufficient for a rational trier of fact to have found that petitioner intended to kill or cause serious physical injury to the law enforcement officer. Accordingly, petitioner's objection will be overruled.

**Grounds 2-4**

In Grounds 2 through 4, petitioner asserts that he received ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There is a strong presumption that counsel's strategic choices were reasonable." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008) (citing McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998)). In rejecting petitioner's ineffective assistance of counsel claims in this case, the state trial court applied Missouri cases that apply the same standard as the Strickland standard set forth above. The Missouri Court of Appeals rejected petitioner's claims in a summary opinion, but it is

presumed that the Missouri Court of Appeals rejected petitioner's claims for the reasons given by the circuit court when it rejected the claims, Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991), and thus, also applied a standard equivalent to the Strickland standard. Accordingly, the Court will defer to the state court's decision unless the decision was contrary to or an objectively unreasonable application of Strickland. See Early v. Packer, 537 U.S. 3, 7 (2002) (per curiam); Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005); see also Middleton v. McNeil, 541 U.S. 433, 436 (2004); Williams v. Taylor, 529 U.S. 362, 379 (2000).

In Ground 2, petitioner asserts that his trial counsel was ineffective inasmuch as his counsel failed to file a motion for a speedy trial. His specific objection to the magistrate's report, recommending denial of this ground, concerns the magistrate's finding that petitioner was not prejudiced by his trial counsel's failure to submit a motion for a speedy trial. Thus, the Court will conduct a de novo review of the issue of prejudice.

As stated above, petitioner asserted this speedy trial argument in his post-conviction motion in state court. The state court concluded that petitioner was not prejudiced by his trial counsel's failure to submit a motion for a speedy trial. This conclusion is entitled to deference under the statutory standard of review that applies to conclusions reached by state courts.

The Court has carefully reviewed the record in this matter and finds that the state court's decision to deny Ground 2

12

was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(2), and the determination was not contrary to or an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(e)(1). While petitioner's case was delayed for a substantial amount of time (454 days), he caused or acquiesced to most of that delay. Furthermore, petitioner did not attempt to assert his right to a speedy trial until over a year after his arrest and subsequently asked for a continuance of trial, in spite of his alleged desire for a speedy trial. Finally, petitioner was not prejudiced by the delay in bringing him to trial because, although there is some evidence that he suffered poor conditions while incarcerated and suffered from anxiety, such evidence is outweighed by the fact that petitioner has not identified any way in which his defense suffered from the delay. In conclusion, Ground 2 fails and petitioner's objection will be overrruled because the state court properly determined that petitioner was not prejudiced by his counsel's performance in not filing a motion for a speedy trial, and the Court will adopt the magistrate's extensive and correct analysis of this issue.

In Ground 3, petitioner asserts that his trial counsel was ineffective inasmuch as he failed to ask the trial court for a jury instruction regarding petitioner's unkempt and disheveled appearance on the morning of the first day of trial. It is not clear to what portion of the magistrate's report regarding Ground

3 petitioner objects specifically.  In his objections, petitioner argues that his unkempt appearance due to being deprived a shower at the county jail may have sufficiently impugned his credibility to establish a constitutional violation.  Although de novo review may not be warranted for failure to object to a specific portion of the magistrate's report, the Court will nevertheless review the issues raised in petitioner's objections.

The Court carefully reviewed the record concerning petitioner's unkempt appearance.  The record shows that petitioner came to the first day of trial from the St. Charles County, Missouri jail without having been allowed to shower that morning or for the prior three or four days.  His long hair was unkempt and made the fact that he had not showered visually apparent.  During a pretrial conference on the first morning of trial, petitioner's trial counsel made a record of the fact that petitioner was not permitted to shower or shave for several days, making him "somewhat less than presentable to a jury."  Doc. #12, Ex. B1 at 20.  The trial judge noted counsel's comments for the record and indicated that an inquiry would be made with the county detention center. This discussion was not held in the presence of the jury panel. The court then allowed the jury panel to be set up, and voir dire began that morning.  After the entire jury panel was released, the trial court set aside time for individual jurors to come forward with specific concerns, outside of the presence of the entire panel.  One juror indicated a negative first impression of

14

petitioner based on his appearance, and that juror was struck for cause. There is no evidence that any other jurors were affected by his appearance that morning, and all of the conversations on the record concerning petitioner's appearance were held outside of the presence of the jurors so as to not draw the jury panel's attention to his appearance. Petitioner then showered during the lunch break. After the judge confirmed with petitioner that he received a shower during the lunch break, petitioner's appearance was not mentioned on the record for the remainder of the trial. In sum, the Court's extensive review of the record shows that petitioner was disheveled in front of the jury panel during voir dire on the morning of the first day of trial but showered for the afternoon of the first day and did not appear disheveled each of the next two days of the three day trial.

In order to succeed on his claim of ineffective assistance of counsel for failing to request an instruction, petitioner must show that the outcome of his case would have been different if his counsel had requested an instruction that the jury disregard his unkempt appearance on the first morning of trial. Petitioner has failed to make such a showing. There is no indication in the record that the jury was influenced by his appearance. The overwhelming evidence of petitioner's guilt, including his confession, rather than his disheveled appearance for a short time, was the driving force behind the jury's verdict. Because the Court finds that petitioner has not shown that he was

prejudiced by his trial counsel's alleged ineffective assistance, the Court will overrule his objection and adopt the magistrate's well-reasoned recommendation to deny petitioner relief on Ground 3.

In Ground 4, petitioner asserts that his trial counsel was ineffective inasmuch as his counsel failed to request a competency hearing. His specific objection to the magistrate's report, recommending denial of this ground, concerns the magistrate's finding that petitioner was not prejudiced by his trial counsel's failure to request a competency hearing. Thus, the Court will conduct a de novo review of the issue of prejudice.

In order to demonstrate prejudice arising out of his counsel's decision to not seek a competency hearing, petitioner must show that the outcome of his case would have been different if the competency hearing had been requested. The test for petitioner's competency is whether he had a sufficient ability at the time of his trial to consult with his counsel with a "reasonable degree of rational understanding" and whether at the time of his trial he had a rational and a factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam). Thus, in order to demonstrate prejudice on this claim, petitioner must demonstrate that, at the time of his trial, he lacked the ability to consult with his counsel with reasonable, rational understanding and lacked understanding of the proceedings against him.

The Court has carefully reviewed the record on this

issue, including the trial record and petitioner's and his counsel's testimony at post-trial evidentiary depositions, and finds that petitioner was not prejudiced by his counsel's failure to request a competency hearing. While petitioner may have had a history of depression and other mental illnesses, "mental illness does not equate with incompetency to stand trial." <u>United States v. Cook</u>, 356 F.3d 913, 918 (8th Cir. 2004). The record demonstrates that petitioner actively and rationally consulted with his counsel in the defense of his case. Furthermore, the record shows that petitioner had a rational and factual understanding of the proceedings against him.

In conclusion, Ground 4 fails because petitioner was not prejudiced by his counsel's performance in not seeking a competency determination, and the Court will adopt the magistrate's extensive and correct analysis of this issue.

**Ground 5**

In Ground 5, petitioner asserts that the trial court erred in considering incorrect information regarding petitioner's criminal history when determining petitioner's sentence. The magistrate recommends denial of this ground on two independent bases: (1) petitioner procedurally defaulted the claim by failing to raise it on direct appeal; and (2) the claim lacks merit because petitioner failed to present any evidence that the trial court relied on a non-existent conviction when sentencing petitioner.

Petitioner objects to the procedural default argument. Specifically, he argues that he did not default the claim because he presented it to the trial court in his post-conviction motion. Petitioner faults the trial court for failing to address the claim in its findings of fact and conclusions of law. While petitioner states that he objects to the magistrate's recommendation that his claim is without merit, he does not assert a specific objection to the magistrate's conclusion on the merits. His objections are devoid of argument on the merits, and instead focus on the various reasons why he believes this claim is not procedurally defaulted. Thus, the Court will conduct a de novo review of the issue of procedural default but will not conduct a de novo review of the merits.

It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in state court before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). "A federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his federal habeas corpus claim." Id. (quoting Martin v. Solem, 801 F.2d 324, 333 (8th Cir. 1986)). To avoid procedural default, "Missouri

procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). Missouri law requires that trial errors be asserted on direct appeal, see State v. Berry, 798 S.W.2d 491, 497 (Mo. Ct. App. 1990), and does not allow a movant to challenge trial court errors in a post-conviction motion, absent rare and exceptional circumstances, see Phillips v. State, 214 S.W.3d 361, 364 (Mo. Ct. App. 2007).

Ground 5 alleges a trial court error, and accordingly, petitioner was required to raise it on direct appeal. Petitioner failed to raise Ground 5 on direct appeal and first raised it in his motion for post-conviction relief. Petitioner's case did not present a rare or exceptional circumstance to allow him to raise the claim for the first time in a post-conviction motion. Petitioner takes issue with the trial court's failure to address his claim in its findings of fact and conclusions of law, but Missouri law did not require the court to address the claim because it was not properly raised in petitioner's post-conviction motion. See Sammons v. State, 155 S.W.3d 772, 774 (Mo. Ct. App. 2005).

In conclusion, petitioner procedurally defaulted Ground 5 by failing to assert it in his direct appeal. The Court will overrule petitioner's objections to the procedural default issue. Furthermore, the Court has reviewed the magistrate's assessment of the merits. The Court notes the lack of any specific objections by

petitioner with regard to the merits of Ground 5. The Court finds that the magistrate's analysis of the merits is correct, and thus, the Court will adopt the magistrate's recommendation with respect to Ground 5 in its entirety.

**Ground 6**

In Ground 6, petitioner contends that the trial court erred by sentencing him as a prior and persistent drug offender. The magistrate recommends that petitioner be denied relief on Ground 6 because it is procedurally defaulted and not cognizable. In his objections, petitioner indicates that he agrees in part and objects in part to the magistrate's report. He acknowledges that he did not assert this trial error at any stage of his state court proceedings. Petitioner does not object to the magistrate's findings that Ground 6 is procedurally defaulted and not cognizable. Instead, petitioner reargues the merits of his claim. Because petitioner has not specifically objected to anything in the magistrate's report and recommendation, the Court will not conduct a de novo review of the magistrate's analysis of Ground 6. The Court has reviewed the magistrate's report and recommendation with respect to Ground 6 and finds it to be a correct analysis. Accordingly, the Court will overrule petitioner's objections to Ground 6 and adopt the magistrate's report and recommendation.

## Conclusion

This Court has reviewed the record, the petition, the

magistrate judge's report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation sets forth a correct and very thorough analysis of the issues raised in the petition. Petitioner's objections to the report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #31] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #28] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Troy Fenton for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1, #26] is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this ___20th___ day of September, 2010.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE